**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSE LUIS MUNOZ ZABALA,
Petitioner,
v.
MARK BOWEN, et al.,
Respondents.

Case No. 5:26-CV-000918-MRA-MAA

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER [2]**

Before the Court is Petitioner's Motion for a Temporary Restraining Order ("TRO") pending adjudication of his Petition for Writ of Habeas Corpus (the "TRO Application"). ECF 2. Petitioner requests that the Court order his immediate release from immigration custody. *Id.* at 2. The Court read and considered the moving and opposing papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS IN PART** the TRO Application.

## I. BACKGROUND

Petitioner Jose Luis Munoz Zabala ("Petitioner") filed this habeas petition *pro se* on February 25, 2026. ECF 1. The petition alleges as follows:

Petitioner is a native Venezuelan who arrived in the United States on or about June 5, 2023. *Id.* at 2. Petitioner entered through Mexico and surrendered voluntarily to Customs and Border Patrol upon arrival to the United States. *Id.* He was subsequently

released. *Id.* On June 4, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and placed in expedited removal proceedings. *Id.* at 3, 37. On July 15, 2025, an asylum officer conducted an interview with Petitioner and determined he was inadmissible to the United States. *Id.* at 33. Accordingly, the officer ordered Petitioner removed pursuant to section 235(b)(1) of the Immigration and Nationality Act ("INA"). *Id.* Petitioner appealed the asylum denial to the Board of Immigration Appeals ("BIA"), where his case remains pending. *Id.* at 3. After six months of detention, Petitioner was scheduled for a bond hearing but it was subsequently cancelled. *Id.*

In the instant TRO Application, Petitioner requests that the Court enjoin Respondents Mark Bowen, Warden of the Adelanto ICE Detention Facility; Thomas P. Giles, Director of the Los Angeles ICE Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, former Secretary of the Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents" or the "government") from continuing to detain him. ECF 2 at 1.

On February 28, 2026, Respondents filed an Opposition to the TRO Application. ECF 8. Respondents concede that Petitioner is entitled to a bond hearing but argue that his TRO Application should be denied because his counsel withdrew the request for a bond hearing that was scheduled to take place on January 28, 2026. *Id.* at 2. Petitioner did not file a Reply in support of his TRO Application.

On March 13, 2026, the Court ordered Petitioner to show cause why the TRO should issue given Petitioner was allegedly provided with a bond hearing but apparently withdrew his request before receiving a determination from the immigration judge. ECF 11. Petitioner filed a response that same day indicating that his immigration attorney refused to represent him during a bond hearing because it was outside the scope of his abilities. ECF 14 at 5. Petitioner reached out to an organization named Organization Cielos Abiertos in hopes of obtaining representation, though a representative never showed up to the hearing. *Id.*

## II. DISCUSSION

The INA provides that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). The noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" *Id.* "If the ICE officer determines that the noncitizen should not be released, the regulations permit the noncitizen to request a bond hearing before an immigration judge at any time before a removal order becomes final." *Bernal v. Albarran*, No. 25-CV-09772-RS, 2025 WL 3281422, at *6 (N.D. Cal. Nov. 25, 2025) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19, and *Rodriguez Diaz*, 53 F.4th at 1197).

The government concedes that "Petitioner is in ongoing immigration proceedings where he may receive a bond hearing." ECF 8 at 2. The government, however, argues that the TRO Application should be denied because Petitioner failed to exhaust his administrative remedies, namely in withdrawing the request for the *Rodriguez* bond hearing scheduled to take place on January 28, 2026. *Id.* at 3-4. Petitioner alleges his counsel withdrew the request for the hearing because it was outside the scope of his representation. ECF 14 at 5. Despite his counsel's withdrawn request, Petitioner is still entitled to the procedural protections afforded to him under 8 U.S.C. § 1226(a) pending his immigration proceedings. Therefore, his claims hold merit.

While Petitioner seeks his immediate release, a *Rodriguez* bond hearing is the proper remedy in this case. *See E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (quoting *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018)) (finding that injunctive relief "should be 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court'"). Petitioner is entitled to receive a bond hearing while he is detained under 8 U.S.C. §

1226(a), and that bond hearing has yet to occur, even if it was initially cancelled.

The Due Process Clause of the Fifth Amendment requires Respondents to provide Petitioner "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Section 1226(a) provides extensive procedural protections including that the bond hearing be "before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 *9 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (citing *Rodriguez* Diaz, 53 F.4th at 1202). Any "claims that the discretionary process itself was constitutionally flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of § 2241.'" *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. INS*, 298 F.3d 824, 829 (9th Cir. 2002)).

## III. CONCLUSION

For the foregoing reasons, the TRO Application is **GRANTED IN PART**. The Court **ORDERS** as follows:

1. Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order. Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter and the opportunity to be represented by counsel and to present evidence;
2. Respondents shall file proof that the bond hearing occurred and the decision of the immigration judge and/or the release order within 10 days of this Order;
3. Petitioner may amend the habeas petition and/or seek other emergency relief if the bond hearing does not comply with due process or other applicable laws or regulations;

4. Respondents are additionally temporarily restrained from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court pending final resolution of this litigation;

5. Respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue. *See* L.R. 65-1. Respondents shall file any written response to the Order to Show Cause no later than **April 2, 2026**. **Failure to file a response will be deemed consent to the issuance of the preliminary injunction.** Upon receipt of Respondents' response, the Court may order Petitioner to file a reply if necessary. If the parties agree that the TRO should be converted into a preliminary injunction and/or that dismissal of the habeas petition is warranted because the relief sought is now moot, they shall file a joint stipulation no later than **April 2, 2026**. The Court will order an OSC hearing only if necessary.

6. Respondents shall personally serve this Order on Petitioner.

This TRO shall take immediate effect. The TRO may be extended for good cause or upon Respondents' consent.

**IT IS SO ORDERED.**

Dated: March 26, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE